```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------
```
                                          :
JOHN A. BUCHANAN,                         :    CASE NO. 1:16-CV-2005
                                          :
      Plaintiff,                          :
                                          :
vs.                                       :    OPINION AND ORDER
                                          :    [Resolving Doc. 29]
RILLA PRICE, et al.,                      :
                                          :
      Defendants.                         :
                                          :
```
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff John A. Buchanan, an inmate at Richland Correctional Institution, brings a 42 U.S.C. § 1983 claim alleging First Amendment and Equal Protection violations against Defendants Rilla Price (Case Manager), Richard Rodick (Unit Manager), and Margaret Bradshaw (Warden) in their individual and official capacities.[1] Plaintiff also brings a 42 U.S.C. § 1985(3) claim for conspiracy to deny Equal Protection rights.[2]

Defendants Price and Rodick filed answers.[3] On January 17, 2017, Plaintiff filed a motion to strike Defendant Price and Rodick's affirmative defenses.[4]

For the reasons stated below, this Court **DENIES** Plaintiff's motion.

### I. Legal Standard

Under Federal Rule Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5] Motions

---

[1] Doc. 1.
[2] *Id*. at 2.
[3] Docs. 17, 28.
[4] Doc. 29. Defendants Price and Rodick oppose. Doc. 32. Plaintiff filed a motion to strike defenses in Defendant Price's original answer, Doc. 16, to which Defendant Price responded, Doc. 19. This order addresses Plaintiff's later motion to strike defenses in Price's amended answer and Rodick's original answer.
[5] Fed. Rule Civ. Pro. 12(f).

Case No. 1:16-CV-2005
Gwin, J.

to strike are generally disfavored and rarely granted.[6]

"An affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives plaintiff fair notice of the nature of the defense."[7] Courts rarely strike a defense for legal insufficiency[8] and do not strike defenses raising factual questions.[9]

## II. Discussion

Plaintiff argues that six of Defendant Price and Rodick's affirmative defenses are unrelated to the case and should therefore be set aside to avoid unnecessary costs. Those defenses are (1) failure to state a claim for a deprivation of constitutional rights; (2) intervening acts or omissions including Plaintiff's own acts; (3) failure to exhaust administrative remedies required by 42 USC § 1997(e)(a); (4) no showing of prior physical injury under 42 USC § 1997(e)(e); (5) this Court's lack of jurisdiction to hear Plaintiff's state law claims; and (6) statute of limitations.[10]

Defendants argue that defenses (1) and (5) are purely legal questions, (2-4) and (6) present mixed questions of fact and law, and none can be resolved without discovery or a hearing.[11]

The Court agrees. Defendants' affirmative defenses center on legal questions which are better dealt with at summary judgment. Accordingly, Plaintiff's motion to strike is **DENIED.**

---

[6] 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1380, at 655–56 (1990).
[7] Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006) (internal citations and punctuation marks omitted).
[8] *See, e.g.*, Hughes v. Lavender, No. 2:10-CV-674, 2011 WL 2945843, at *4 (S.D. Ohio July 20, 2011) (quoting U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc., 297 F.Supp.2d 531, 533 (E.D.N.Y.2003)) (striking a defense for legal insufficiency is appropriate only if plaintiff can "show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) plaintiff would be prejudiced by the inclusion of the defense.").
[9] *Id*. (citing United States v. 187.40 Acres of Land, 381 F.Supp. 54, 56 (M.D.Pa.1974)).
[10] Doc. 29.
[11] Doc. 32 at 2.

Case No. 1:16-CV-2005
Gwin, J.

      IT IS SO ORDERED.


Dated: March 2, 2017                                      *s/       James S. Gwin*
                                                                             JAMES S. GWIN
                                                                             UNITED STATES DISTRICT JUDGE