UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                            :
JOHN A. BUCHANAN,                       :          CASE NO. 1:16-CV-2005
                                                            :
         Plaintiff,                                 :
                                                            :
vs.                                                    :          OPINION AND ORDER
                                                            :          [Resolving Doc. 30]
RILLA PRICE, et al.,                         :
                                                            :
         Defendants.                           :
                                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 20, 2017, Plaintiff John A. Buchanan filed a motion for appointment of counsel under 28 U.S.C. § 1915.[1] Defendants oppose.[2]

"A district court has discretion to appoint counsel for an indigent civil litigant."[3] Only in "exceptional circumstances" is appointment appropriate.[4] To determine whether such circumstances exist, the court considers "the plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the complexity of the case."[5]

On February 17, 2017, Plaintiff was transferred from Richland Correctional Institution to Community Corrections Association ("CCA"), a halfway house in Youngstown.[6] CCA does not have a law library.[7] Because Plaintiff lost access to legal resources, he argues that he cannot adequately represent himself and appointment of counsel is appropriate.[8]

---

[1] Doc. 30.
[2] Doc. 33.
[3] *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citing 28 U.S.C. § 1915(d); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992)).
[4] *Id*. at 606 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir.1982); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985)).
[5] *Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012) (citing *Lavado*, 992 F.2d at 606).
[6][6] Doc. 30 at 2.
[7] *Id*.
[8] *Id*. at 2-3.

Case No. 1:16-CV-2005
Gwin, J.

Defendants argue that Plaintiff has no constitutional right to counsel and has not shown exceptional circumstances warranting appointment of counsel.[9] Specifically, Defendants argue that Plaintiff has had no trouble litigating against three Defendants in the case thus far and provides no evidence that he will in the future.[10]

The Court agrees. There is no constitutional right to counsel in a civil case.[11] Nor does Plaintiff find himself in such "exceptional circumstances" that would warrant appointment of counsel. Therefore, Plaintiff's motion for appointment of counsel is **DENIED.**

IT IS SO ORDERED.

Dated: March 2, 2017      *s/ James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[9] Doc. 33 at 1-2.
[10] *Id.* at 2.
[11] *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995).