IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. BUCHANAN, | ) | CASE NO. 1:16 CV 2005 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| RILLA PRICE *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

## Introduction

Before me[1] in the matter of John A. Buchanan's *pro se* prisoner civil rights action against defendants Rilla Price, Richard Rodick, and Margaret Bradshaw[2] is a motion for summary judgment by all defendants.[3] Buchanan has not responded to that motion.[4] For the reasons that follow, the motion for summary judgment will be granted and Buchanan's complaint dismissed with prejudice.

## Facts

Buchanan, who was incarcerated at the Richland Correctional Institution upon conviction of aggravated assault and having a weapon under disability, asserts that the

---

[1]Upon consent of the parties to my exercise of jurisdiction, this matter was transferred to me by United States District Judge James S. Gwin. ECF No. 39.

[2]ECF No. 1.

[3]ECF No. 44.

[4]*See* ECF No. 47. A copy of my order directing Buchanan to respond by May 7, 2018, was returned to the clerk as undelivered.

defendants conspired together to raise his prison security level in retaliation for his complaining about prison conditions.[5] The Ohio Department of Rehabilitation and Correction assesses each inmate under a five-level security classification system based on objective factors such as age, criminal history, education, and behavioral record.[6] An inmate with a lower security classification receives greater privileges than does one with a higher classification.[7] Inmates receive an annual review to determine the appropriate security classification.[8]

Buchanan received such an annual review in August 2015, with defendants Price and Rodick serving as the classification committee[9] in this case.[10] At the time, Buchanan was a Level One inmate.[11] The committee, however, noted that in January 2015 Buchanan had been found guilty of three infractions of prison rules.[12] Because a Level One status confers the highest level of privilege in prison, prisoners at that level are expected to be

---

[5]ECF No. 1.

[6]ECF No. 44 at 3 (citing Price Declaration).

[7]*Id.*

[8]*Id.*

[9]Defendant Bradshaw is the prison warden and did not serve on the committee. *See id*. at 10.

[10]*Id.* at 3.

[11]*Id.* at 4.

[12]*Id.*

fully compliant with prison rules.[13] The committee, therefore, increased Buchanan's security classification to Level Two.[14]

## Analysis

**A.     Applicable law**

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[15] The moving party bears the burden of showing the absence of any such "genuine issue":

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.[16]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[17] Determination of whether a factual issue is "genuine" requires consideration of the

---

[13]*Id.*

[14]*Id.*

[15] Fed. R. Civ. P. 56(c).

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[17] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

applicable evidentiary standards.[18] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[19]

The court should grant summary judgment if a party who bears the burden of proof at trial establishes each essential element of his case.[20] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[21]

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover.[22] The non-moving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be solved by a jury."[23] Moreover, if the non-movant presents evidence "merely colorable" or not "significantly probative," the court may decide the legal issue and grant summary judgment.[24] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[25]

---

[18] *Id.* at 252.

[19] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[20] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[21] *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49) (internal quotations omitted).

[22] *Id.* at 256.

[23] *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

[24] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[25] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005) (internal quotations omitted).

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party.[26]

**B.     Application of applicable law**

The defendants are not entitled to summary judgment simply because Buchanan has not contested the motion. While the court when reviewing an unopposed motion for summary judgment may take as uncontested all the evidence presented with the motion,[27] the motion must still be analyzed in accordance with the applicable standards of Rule 56.[28] That said, in most instances the failure of a party to oppose a motion for summary judgment is fatal to its case.[29] Accordingly, I will consider the individual assertions made by Buchanan.

*1.     Retaliation*

A plaintiff must establish all three elements of a retaliation claim in order to prevail: (1) that he engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct;

---

[26] *Anderson*, 477 U.S. at 250.

[27] *Perez-Cordero v. Walmart Puerto Rico,* 440 F.3d 531, 533-34 (1st Cir. 2006).

[28] *Id.*

[29] *Id.* at 534.

and (3) that there is a causal connection between the protected conduct and the adverse action.[30] Here, Buchanan's claim fails on the first and third elements.

As to the first element, Buchanan maintains that he engaged in protected conduct by sending a "kite," or internal complaint, to Warden Bradshaw contending that: (1) there were insufficient complaint forms available for use by prisoners; and (2) that the forms which were available were photocopies – a form that was inadmissible as evidence in court, should that become necessary.[31]

But as the defendants point out, Buchanan's submission of the kites at issue shows that forms were available.[32] Further, he then also submitted four additional kites, plus one informal complaint, two grievances, and two appeals.[33] From this undisputed history, it is virtually impossible to conclude that there was any lack of forms for inmates to use in making complaints, or that the nature of the forms themselves posed a barrier to their use.

Thus, Buchanan's complaint at the core of the kites was frivolous. Where an inmate cannot show any evidence that his complaints to prison officials had legitimacy, his use of the prison grievance system for such frivolous complaints is not protected conduct.[34]

---

[30]*Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

[31]ECF No. 44 at 7 (quoting record).

[32]*Id.* (citing record).

[33]*Id.*

[34]*Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

Under the third element, the subjective motivation of the defendant is at issue. The plaintiff must show that the protected conduct was a substantial or motivating factor in the defendants taking the adverse action.[35] In particular, the plaintiff must point to specific, non-conclusory evidence reasonably linking his conduct to the adverse action.[36] If a plaintiff can meet this burden, then the burden shifts to the defendant to show that he would have taken the same action in the absence of the protected conduct.[37]

In this instance, Buchanan has not met his initial burden of establishing a reasonable link between his use of the prison kite system and the increase in his security level. Rather, the uncontradicted evidence is that the increase in his security level was based on the objective evidence in the record that showed Buchanan had been found guilty of multiple infractions of prison regulations, which was inconsistent with retaining his lower level security status. Moreover, even if Buchanan's mere accusations to the contrary would be seen as evidence of a reasonable link between his conduct and that reclassification, the defendants have shown that they would have taken the same action in the absence of any use by Buchanan of the kite system.

Accordingly, based on the applicable law and the uncontroverted Rule 56 facts in this record, the defendants are entitled to summary judgment on the claim that they retaliated against Buchanan for his use of the kite system.

---

[35]*Rodgers v. Banks,* 344 F.3d 587, 602 (6th Cir. 2003).

[36]*Id*.

[37]*Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999).

*2.    Equal protection*

In order for any action of a prison official to rise to the level of a violation of the Equal Protection Clause, a prisoner must show that he was intentionally treated differently from others similarly situated and that there was no rational basis for the different treatment.[38]

In his complaint, Buchanan's equal protection claim entirely involves his situation as an inmate of a different Ohio prison – the Pickaway Correctional Institution.[39] As such, it does not involve any of the named defendants who all are employed at the Richland Correctional Institution.

Accordingly, the defendants are entitled to summary judgment on the claim that they denied Buchanan equal protection of the law.

*3.    Conspiracy*

It is plain that in the absence of any constitutional violation, a plaintiff cannot succeed on a conspiracy claim.[40] As noted above, no constitutional violation has been established as to the retaliation claim or the due process claim. Thus, the defendants are entitled to summary judgment on the claim of conspiracy.

---

[38] *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[39] ECF No. 1 at 4-8.

[40] *Anderson v. County of Hamilton,* 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011).

## 4. *Respondeat superior/Eleventh Amendment*

In addition to the substantive claims discussed above, Buchanan has named Warden Bradshaw as a defendant, alleging that she is liable for the actions of her subordinates.[41] He also seeks monetary damages of $41,400 from the defendants.[42]

As to Warden Bradshaw, "[h]aving the right to control the offending employee is not enough [to establish supervisor liability under § 1983], simply being aware of misconduct is not enough, and even administrative approval of an action later found to be retaliatory, without more, is not enough."[43] Thus, Buchanan's allegation that Warden Bradshaw failed to disapprove the decision of Price and Rodick to increase Buchanan's security level is insufficient to create liability on the part of Warden Bradshaw. Of course, as noted, the decision itself was not a constitutional violation.

As to monetary damages, there is no constitutional violation that would give rise to damages. Further, the Eleventh Amendment bars claims against state officials sued in their official capacities unless the state has consented to such suits.[44] Ohio has not waived its

---

[41]ECF No. 1 at 30.

[42]*Id.* at 3, 30-31.

[43]*King v. Zamiara*, 680 F.3d 686, 696 (6th Cir. 2012).

[44]*Grinter v. Knight*, 532 F. 3d 567, 572 (6th Cir. 2008) (citation omitted).

9

sovereign immunity or consented to be sued in federal court.[45] Further, § 1983 does not itself abrogate that immunity.[46]

Accordingly, Warden Bradshaw is entitled to summary judgment on the retaliation and conspiracy claims. In addition, all defendants are entitled to summary judgment on the monetary damages claim.

## Conclusion

For the reasons stated, all defendants are entitled to summary judgment in their favor as to all claims asserted. Therefore, the motion for summary judgment[47] is granted. Accordingly, the *pro se* prisoner civil rights action by John A. Buchanan[48] is dismissed with prejudice.


Dated: August 21, 2018         s/ William H. Baughman, Jr.
                               United States Magistrate Judge

---

[45] *Mixon v. State of Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999).
[46] *Quern v. Jordan*, 440 U.S. 332, 341 (1979).
[47] ECF No. 44.
[48] ECF No. 1.